2

FILED
8/30/2017 1:41 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Brenda Carrillo

CITCML/SAC1

**2017CI16518**

CAUSE NO. _____

| | | |
|---|---|---|
| JOHN ROCKEY AND MUBEENA ROCKEY | § § § | IN THE DISTRICT COURT **73RD** |
| v. | § § | \_\_\_ JUDICIAL DISTRICT |
| CHUBB LLOYDS INSURANCE COMPANY OF TEXAS | § § § | BEXAR COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION, DEMAND FOR JURY, AND REQUESTS FOR DISCLOSURES TO DEFENDANT

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES, John Rockey and Mubeena Rockey, hereinafter called "Plaintiffs," complaining of Chubb Lloyds Insurance Company of Texas, "Defendant," and for cause of action would respectfully show unto the Court the following:

### I.
### PARTIES AND RULE 190 DISCOVERY LEVEL

Plaintiffs are individuals residing in Bexar County, Texas. Discovery should be Level III.

This lawsuit is an April 2016 residential hailstorm damages claim case subject to the Bexar County District Court's "Standing Pretrial Order Concerning Bexar County Residential Hail Claims." See Exhibit "A", attached hereto and incorporated by reference hereto, which is a true and correct copy of such standing orders.

Defendant, Chubb Lloyds Insurance Company of Texas, is a Texas Domestic corporation authorized to engage in the insurance business in the State of Texas, may be served by serving its registered agent for service of process, **CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.** Service is requested by certified mail, return receipt requested at this time.

1

II.

AGENCY AND *RESPONDEAT SUPERIOR*

Whenever in this petition it is alleged that the Defendant did any act or omission, it is meant that Defendant themselves or their agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or their agents, officers, servants, employees, or representatives.

III.

This suit is brought pursuant to the law of good faith and fair dealing as well as under common law and Chapters 541 and 542 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. In the alternative, this suit is brought for breach of contract, and for recovery under a policy of insurance. Plaintiffs are consumers of the Defendant, in that they purchased insurance from said entity and/or service to be provided by it. Each Defendant is an "individual corporation, association, partnership, or other legal entity engaged in the business of insurance." Such Defendant constitute persons as that term is defined in Chapter 541.002 of the Texas Insurance Code.

IV.

Defendant, Chubb Lloyds Insurance Company of Texas, is Plaintiffs' homeowner's insurance company. The actions set forth in this complaint were committed by one or more of said Defendant, or their actual or apparent agents. Plaintiffs own and/or reside in a dwelling at **19203 Grey Bluff Cove, San Antonio, Texas 78258**. Defendant, Chubb Lloyds Insurance Company of Texas, provided coverage to the Plaintiffs under a Homeowner's policy, for such dwelling, personal property, and other matters under insurance policies described above. During

2

the policy term of said policy, Plaintiffs sustained covered losses in the form of wind and/or hail damage, and damages resulting therefrom, and Plaintiffs promptly and timely and properly reported same to Defendant pursuant to the terms of the insurance policy. Plaintiffs reported loss or damage from wind and/or hail damage upon having discovered same. The loss event occurred during April 2016.

V.

The Plaintiffs discovered the damages resulting therefrom to Plaintiffs' home and property, including damage to the roof, canopy and interior of the residence. Damages include the cost of construction, repairs, and restoration of the home necessary to repair the resulting damages. These constituted covered damages under Plaintiffs' homeowners' insurance policy with the Defendant, Chubb Lloyds Insurance Company of Texas.

VI.

Defendant, Chubb Lloyds Insurance Company of Texas and its agents visited and inspected Plaintiffs' property, in connection with Plaintiffs' property damage. Defendant knew or should have known that Plaintiffs had already sustained significant damage to the property, requiring significant repairs as a result of a loss and peril covered by the insurance policies. Chubb Lloyds Insurance Company of Texas was also made aware of the need to perform repairs to the residence as well as damage as a result of covered perils under the policy including wind or hail. Chubb Lloyds Insurance Company of Texas knew that a substantial covered loss was owed. Nonetheless, Chubb Lloyds Insurance Company of Texas denied, delayed, and failed to pay and properly investigate some or all of Plaintiffs' covered losses with no reasonable basis. Chubb Lloyds Insurance Company of Texas has failed to act promptly or to conduct a good faith investigation. This is bad faith claim delay and/or denial and a violation of Chapters 541 and 542 of the Texas

Insurance Code. Pursuant to the terms of the insurance policy, the insureds sought to invoke the appraisal provision after there was an impasse regarding the amount of the damages claim and after the expiration of time for each side's appraiser to agree to an umpire. The insureds sought and obtained an appointment of the umpire under the terms of the insurance policy and a Bexar County District Court Judge appointed Alcide F. Longoria III, as umpire on January 27, 2017. Thereafter, the Umpire contacted the appraiser for each side and proceeded with his investigation, review of reports, and ultimately, his decision on damages from the storm event. During the umpire process, the insurance company and adjuster presented positions that, including but not limited to, failed to provide the insureds with recovery for banding necessary to replace roof tile, provided price quotes for galvanized steel when the original flashing and valley material was copper, sought to provide for replacement of partial roof tiles (as opposed to the entire roof) with mismatched roof tiles as the Monier-Life tile roof that was installed on the roof is no longer manufactured, and failed to account for the fact that in the process of replacing tiles there would necessarily be resulting damage to other roof tiles. These acts or positions were made and presented in bad faith and are direct violations of Chapters 541 and 542 of the Texas Insurance Code. On or about May 25, 2017, Umpire Longoria sent the appraisers his letter titled Umpire Award-Amount of Loss, which totaled $164,603.82 for damages to the roof and canopy (but not interior damages). The insured's appraiser signed his agreement to the Umpire award on May 25, 2017. Despite the loss amount being agreed to by the umpire and the insured's appraiser in accordance with the insurance policy, which requires two out of three on the panel to agree to a loss amount, Chubb Lloyds Insurance Company of Texas has refused and still refuses to pay the damages amount to Plaintiffs. Chubb Lloyds Insurance Company of Texas violated Article

4

Chapters 541 and 542 of the Texas Insurance Code, and is liable for the actual damages, penalties and attorney's fees provided for therein.

VII.

Despite the fact that all conditions precedent to Plaintiffs' recovery have been performed or have occurred, Defendant has failed and refused to pay the Plaintiffs a just amount in accordance with their contractual obligations, agreements, and representations. In fact, after such refusals to pay and investigate, Plaintiffs were forced to file suit to seek the policy benefits to which they are entitled. Chubb Lloyds Insurance Company of Texas knew that substantial damage had been caused by the loss, and yet refused to investigate most or all of such damages.

VIII.

Such denials, delays, refusals and/or failures to pay by Chubb Lloyds Insurance Company of Texas were in bad faith, and constitute breaches of the covenant of good faith and fair dealings, which breaches were a proximate cause of damages to the Plaintiffs, more specifically set forth herein below. There was no reasonable basis for denying, delaying, or failing to pay or investigate Plaintiffs' claims for damage, and Chubb Lloyds Insurance Company of Texas knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. The conduct of Defendant, Chubb Lloyds Insurance Company of Texas was irresponsible, unconscionable, and took advantage of the Plaintiffs' lack of sophistication in insurance matters to a grossly unfair degree. At all material times hereto, Plaintiffs were consumers who purchased insurance products and services from Defendant. Furthermore, the conduct of Defendant, Chubb Lloyds Insurance Company of Texas amounts to one or more of the following, in violation of the Texas Insurance Code and Texas Consumer Deceptive Trade Practices Act:

5

(a) not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear in violation of Chapter 542 of the Texas Insurance Code;

(b) refusing to pay claims without conducting a reasonable investigation based upon all available information in violation of Chapter 541 of the Texas Insurance Code;

(c) failing to handle or process the Plaintiffs' claims in good faith; in violation of common law as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988);

(d) committing a course of conduct that is unconscionable;

(e) omitting any information or making any false implication or impression that was either misleading or deceptive or had the capacity to be misleading or deceptive in violation of Chapter 541 of the Texas Insurance Code;

(f) refusing to fully pay a claim without a reasonable basis in violation of common law or in violation of Chapter 542 of the Texas Insurance Code;

(g) delaying full payment of a claim without a reasonable basis in violation of common law or in violation of Chapter 542 of the Texas Insurance Code;

(h) denying and/or delaying payment of a claim in full without determining whether there is any reasonable basis to do so in violation of common law or in violation of Chapter 542 of the Texas Insurance Code;

(i) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which they do not;

(j) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

(k) representing than an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

(l) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and,

(m) violations of Chapter 541 of the Texas Insurance Code, in that they misrepresented the terms, benefits or advantages of the policy or other facts;

Defendant has violated the Texas Deceptive Trade Practices Act in the following

6

respects:

(1) Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2) Defendant failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3) Defendant, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that this Defendant took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code;

(4) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

(5) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

(6) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

Defendant knowingly committed the acts complained of. As such, Plaintiffs are entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

IX.

The above and foregoing paragraphs are adopted by reference herein. Plaintiffs bring suit against Defendant for breaches of contract, bad faith insurance practices, violations of Texas Insurance Code Chapters 541 and 542, under the Prompt Payment of Claims statute, and DTPA Chapter 17 of the Texas Business & Commerce Code. As a result of all of Defendant's conduct, Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional limits of this Court. In addition, the conduct of Chubb Lloyds Insurance Company of Texas was committed

7

knowingly, and under circumstances constituting willful and wanton and reckless disregard of the rights of the Plaintiffs and others similarly situated. Such conduct of Chubb Lloyds Insurance Company of Texas was negligent and tortuous. The conduct of Chubb Lloyds Insurance Company of Texas constituted negligent misrepresentation of fact, or actionable fraud. The conduct of Chubb Lloyds Insurance Company of Texas proximately caused the injuries and damages to the Plaintiffs for which they sue. Plaintiff seeks actual damages from Chubb Lloyds Insurance Company of Texas and Robert Pritchard.

X.

All of the conditions precedent to bringing this suit under the policy and to the Defendant's liability to the Plaintiffs under the policy for the claims alleged have been performed or have occurred. Compliance with the notice provision of the DTPA and Insurance Code will be made contemporaneously with filing of this petition or soon thereafter. In the event the court requests such notices to be provided to Defendant, Plaintiffs would agree to provide such notices to Defendant.

XI.

Defendant has by its conduct breached their contract of insurance with the Plaintiffs. Such breach proximately caused damages to the Plaintiffs including consequential damages. In addition, Plaintiffs are entitled to recover attorney's fees in connection with Plaintiffs' contractual causes of action. In addition, as a supplement to such contractual causes of action, Defendant is liable for the statutory damages and penalties set out in Chapter 542 of the Texas Insurance Code.

XII.

Defendant owed the Plaintiffs significant sums for known losses. Further, under the contract of insurance, the Defendant owes the Plaintiffs reasonable compensation for additional

8

living expenses because repairs to be performed to their residence and required by the above losses will require that they incur living expenses over and above those normally incurred while residing in the home.

XIII.

The conduct of Chubb Lloyds Insurance Company of Texas was knowing and therefore may be subject to liability for additional damages under the Texas Insurance Code, and/or the Texas Deceptive Trade Practices Act, Plaintiffs and their attorney are also entitled to attorney's fees in connection with the bringing of this action for breach of contract or under relevant statute. In the alternative, Chubb Lloyds Insurance Company of Texas conduct was malicious and fraudulent, and therefore, Plaintiffs seek punitive damages.

XIV.

All notices and proofs of loss were timely and properly given in such manner as to fully comply with the terms and conditions of the relevant insurance policies and applicable law. Plaintiffs complied with all terms and conditions of the policy, but Plaintiffs' claim was nonetheless not paid in full. *Such refusals to pay waive any further compliance with said policy by Plaintiffs and leave them free to sue for those benefits to which they are entitled that were denied or underpaid.* In the alternative, Plaintiffs allege that as to any such terms, conditions, notices, or requirements, the Defendant waived them, the Defendant is estopped from asserting them, and/or the Plaintiffs substantially complied with them. Plaintiffs make the same allegations of waiver or estoppel as to every defense, condition, or exclusion pleaded by the Defendant, and as to each claim for breach of contract or statutory violation as to each Defendant.

9

XV.

As to any exclusion or endorsement relied upon by the Defendant, Plaintiffs would show that such is void and does not form a portion of Plaintiffs' insurance policy with Defendant. The reason this is so includes, but is not limited to the following:

(a) there is no consideration for such exclusion;

(b) such exclusion or exclusionary endorsement was not delivered with the policy, and hence is of no force and effect;

(c) such exclusion violates Chapters 541 and 542 of the Texas Insurance Code, and it is void as against public policy;

(d) such exclusion and its use in this case violates Chapter 541 and 542 of the Texas Insurance Code and is void as against public policy;

(e) such exclusion violates Chapter 541 and 542 of the Texas Insurance Code and is unconscionable, and is void as against public policy;

(f) such exclusion is adhesive;

(g) any such exclusion is void as against public policy against creating a forfeiture, or ex post-facto penalty;

(h) the attachment of such exclusion constitutes bad faith cancellation of a portion of the Plaintiffs' policy with Defendant. In particular, such cancellation of a portion of Plaintiffs' coverage was in violation of the policy contract's own terms and also in violation of Chapter 541 and 542 of the Texas Insurance Code of the Texas Insurance Code. Such exclusion should be declared void, and of no force and effect, and the policy should be reformed to so reflect;

(i) the clear and unambiguous language of the policy provides coverage for dwelling damage caused by hail storm.

(j) In the alternative, any other construction of the language of the policy is void as against public policy;

(k) In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandates the construction and interpretation urged by Plaintiffs;

(l) In the alternative, Defendant are judicially, administratively, or equitably estopped from denying Plaintiffs' construction of the policy coverage at issue;

(m) In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiffs plead the doctrine of mutual mistake requiring reformation.

(n) Such exclusion or interpretation is void as against public policy and/or in violation of the Texas Insurance Code.

(o) The clear and ambiguous language of the policy provides coverage for dwelling damage caused by hail storm, including the cost of replacement of the roof and canopy and interior damage to the residence, regardless of any other language or exclusion in the policy.

## XVI.

Plaintiffs assert all statutory claims, demands, and causes of action assertable under state law from the pleaded scenario and facts, and seek breach of contract and Chapter 542 of the Texas Insurance Code causes of action against Chubb Lloyds Insurance Company of Texas for actual damages and attorney's fees Chapter 542 penalties. Plaintiffs seek from Chubb Lloyds Insurance Company of Texas actual, additional, exemplary, as well as all other damages and penalties available at law, including loss of the use and enjoyment of the home.

## XVII.

### DEMAND FOR JURY

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## XVIII.

Pursuant to Texas Rule of Civil Procedure 194, you are hereby requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(k); and, 190.2(6), as described in attached Exhibit "B".

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully requests this Honorable Court that upon final hearing and trial hereof, this Honorable Court grant to the Plaintiffs such relief as to which they may show themselves justly entitled, either at law or in equity, either general or special, including judgment against the Defendant for actual damages, attorney's fees, costs of suit, statutory penalties, and prejudgment and post judgment interest, if allowed by law, and including judgment for additional damages and punitive damages under the facts set forth in this or any amended pleading.

Respectfully submitted,

LAW OFFICE OF STEVEN J. MEDINA
130 E. Travis Street, Suite 350
San Antonio, Texas 78205
Tel: (210) 231-0919
Fax: (210) 231-0919
Email: smedina@fcbtxlaw.com

BY: _____
STEVEN J. MEDINA
State Bar No. 13895550

ATTORNEYS FOR PLAINTIFFS

68880



| IN RE: | § | IN THE DISTRICT COURT OF |
|---|---|---|
| BEXAR HAIL | § § | |
| | § | BEXAR COUNTY, TEXAS |
| RESIDENTIAL | § § | |
| CLAIM LITIGATION | § | CIVIL JUDICIAL DISTRICT COURTS |

## STANDING PRETRIAL ORDER CONCERNING BEXAR COUNTY RESIDENTIAL HAIL CLAIMS

This order applies to pretrial matters in residential property insurance cases filed in the District Courts of Bexar County, Texas that involve insurance disputes arising from the hail storms occurring in Bexar County in April and May of 2016. The purpose of this order is to expedite pretrial matters, discovery and mediation in order to minimize court costs and litigation expenses.

This order shall be posted on the Bexar County District Clerk website and shall be attached to the Original Petition of applicable cases. All attorneys and parties should endeavor to notify others about this order.

Parties seeking to be excused from any part of this order must set a hearing and request relief from the court.

**AUTOMATIC ABATEMENT** – The filing of an original answer by the residential insurance carrier shall trigger an immediate and automatic abatement. The case shall remain abated until 30 days after a mediation impasse.

The abatement period will apply to all court ordered deadlines and Rule 190 discovery deadlines. The abatement period will not apply to the deadlines in this order or to any statutory deadline, interest or penalties that may apply under any statutory code or law. The parties may send written discovery during the abatement time period, however, the responses and objections to those discovery requests will not be due until 30 days after the end of the abatement period.

**MEDIATION** – The parties shall agree to a mediator and to a mediation date. An Agreed Mediation Order, in the form attached, shall be filed with the court within 100 days after the answer is filed.

Within 15 days of an unsuccessful mediation, the parties will submit a proposed Agreed Scheduling Order to the court.

**DISCOVERY** – Within 60 days of the filing of an answer by the residential insurance carrier, the parties will use their best efforts to exchange information and documentation pertaining to the residence, including the following: expert reports, engineering reports, estimates of damage or repairs; contents lists for contents damage claim(s); photographs; repair receipts or invoices; the non-privileged portions of the residential insurance carrier and adjusting company's claims file (including all claim diary notes, activity logs, loss notes and email correspondence regarding the insurance claim); payment ledger, payment log and/or proof of payment from the insurance carrier; a copy of the insurance policy in effect at the time of the respective storm claim(s); and the non-privileged portions of the underwriting file. If the insurance carrier is not in possession of the adjusting company's/adjuster's claims file, and the adjusting company/adjuster is not named as a party in the lawsuit and represented by separate counsel, then the

68880

68880

insurance carrier shall seek the adjusting company's claims file and use their best efforts to exchange this information within the 60 day time period. The Insurance carrier is also ordered to notify the independent adjusting company that all emails, activity notes and loss diary notes pertaining to the hail storm claim in litigation shall be preserved and not destroyed. Finally, a privilege log will also be produced in accordance with the Texas Rules of Civil Procedure for any redactions or privileges asserted.

Any expert reports, engineering reports, contractor estimates or any other estimates of damages or repairs obtained pursuant to this order for settlement, demand, or mediation purposes and exchanged prior to mediation shall be for mediation purposes only and shall be considered confidential, except that any estimates and/or reports that are part of the claims file, which were obtained or prepared during the claims handling, shall not be considered confidential under this paragraph. However, if a consultant, whose report is produced for mediation, is designated as a retained testifying expert and does not produce a subsequent report for use at trial, the mediation report shall not remain confidential.

Confidential reports and estimates are only confidential for the lawsuit in which they are being used. Confidential expert reports designated for mediation purposes shall be returned to the providing party within 14 days of a written request. Such reports shall not be discoverable or admissible at trial or any hearing. If the party procuring the report designates the expert to testify, such party shall have the right to prevent discovery or testimony by the expert regarding the mediation report and any opinions therein, provided that a subsequent report is produced. The procuring party may use data such as measurements and photographs without waiving this privilege. Nothing herein shall prohibit the use of those reports and estimates in any subsequent insurance claims or lawsuits involving the same residential insurance carrier.

Once a mediation date and mediator are agreed to by all parties, the residential insurance carrier shall be permitted to inspect the residence involved in the lawsuit (as soon as practicable) prior to mediation. If mediation is unsuccessful, the residential insurance carrier and other defendants may re-inspect the residence with the same, new or additional experts pursuant to the Texas Rules of Civil Procedure.

Signed on November 30, 2016

_____
Michael Mery, Judge
37th District Court

_____
Stephani Walsh, Judge
45th District Court

_____
Antonia Arteaga, Judge
57th District Court

_____
David A. Canales, Judge
73rd District Court

2

68880

68880

_____
John D. Gabriel, Jr., Judge
131st District Court

_____
Renée Yanta, Judge
150th District Court

_____
Laura Salinas, Judge
166th District Court

_____
Cathleen Stryker, Judge
224th District Court

_____
Peter Sakai, Judge
225th District Court

_____
Richard Price, Judge
285th District Court

_____
Sol Casseb III, Judge
288th District Court

_____
Karen H. Pozza, Judge
407th District Court

_____
Larry Noll, Judge
408th District Court

_____
Gloria Saldaña, Judge
438th District Court

11/30/2016 VOL 4655 PG 1814

3

68880

# 68880

## AGREED MEDIATION ORDER

Pursuant to the Standing Pretrial Order Concerning Bexar County Residential Hail Claims, the parties agree to the following mediation date and mediator:

Date: _____

Mediator: _____

The court, hereby, approves and orders the above date and mediator as agreed by the parties.

Each side shall pay an equal portion of the mediation fee.

All parties must have in attendance a representative with full authority to enter into a final settlement agreement. The following shall be personally in attendance at the mediation until excused by the mediator:

1. An attorney of record for each party, unless the party is self-represented.

2. All individual parties, either plaintiff or defendant, except that individual defendant adjusters and insurer employee defendants are not ordered to attend so long as a representative with full authority to negotiate and settle on their behalf is present.

3. A representative of each non-individual party, unless the parties agree otherwise in writing.

Signed and entered on _____, 2016.

_____
Judge Presiding

68880

4

11/08/2016 VOL 4645 PG 1815

EXHIBIT B

## PLAINTIFFS' REQUESTS FOR DISCLOSURES TO DEFENDANT

Pursuant to Texas Rule of Civil Procedure 194, you are hereby requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(k), as described below:

(a) the correct names of the parties to the lawsuits;
(b) the name, address, and telephone number of any potential parties;
(c) the legal theories and, in general, the factual basis of Plaintiffs' claims;
(d) the amount and any method of calculating economic damages;
(e) the name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;
(f) for any testifying expert:
   (1) the expert's name, address and telephone number;
   (2) the subject matter on which the expert will testify;
   (3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis of them, or if the expert is not retained by, employed, or otherwise subject to the control of Plaintiff, documents reflecting such information;
   (4) if the expert is retained, employed by or otherwise subject to the control of Plaintiff:
      (A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony;
      (B) the expert's current resume and bibliography;
(g) any indemnity or insuring agreements;
(h) any settlement agreements, described in Rule 192.3(g);
(i) any witness statements, described in Rule 192.3(h);
(j) all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;
(k) all medical records and bills obtained by the responding party by the responding party by virtue of an authorization furnished by the requesting party.

(l) Pursuant to Texas Rule of Civil Procedure 190.2(6), you are hereby further requested to disclose, all documents, electronic information, and tangible items that the Defendant has in its possession, custody or control and may use to support its claims and defenses in this lawsuit. A request pursuant to this paragraph is not considered a Request for Production.

Respectfully submitted,

LAW OFFICE OF STEVEN J. MEDINA
130 E. Travis Street, Suite 350
San Antonio, Texas 78205
Tel: (210) 231-0919
Fax: (210) 231-0919
Email: smedina@fcbtxlaw.com

BY: _____
STEVEN J. MEDINA
State Bar No. 13895550

ATTORNEYS FOR PLAINTIFFS

14

# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY)*: _____  **COURT** *(FOR CLERK USE ONLY)*: _____

**STYLED** John Rockey & Mubeena Rockey v Chubb Lloyds Insurance Company of Texas
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| **Name:** Steven Medina | **Email:** smedina@fcbtxlaw.com | **Plaintiff(s)/Petitioner(s):** John Rockey / Mubeena Rockey | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| **Address:** 130 E. Travis Street, Ste 350 | **Telephone:** 2102310919 | | Additional Parties in Child Support Case: |
| **City/State/Zip:** San Antonio TX 78205 | **Fax:** 2102310004 | **Defendant(s)/Respondent(s):** Chubb Lloyds Insurance Company of Texas | Custodial Parent:<br><br>Non-Custodial Parent: |
| **Signature:** /s/ | **State Bar No:** 13895550 | | Presumed Father: |

[Attach additional page as necessary to list all parties]

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**
- Debt/Contract
  - ☐ Consumer/DTPA
  - ☐ Debt/Contract
  - ☐ Fraud/Misrepresentation
  - ☐ Other Debt/Contract:
- Foreclosure
  - ☐ Home Equity—Expedited
  - ☐ Other Foreclosure
- ☐ Franchise
- ☒ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation
- Malpractice
  - ☐ Accounting
  - ☐ Legal
  - ☐ Medical
  - ☐ Other Professional Liability:
- ☐ Motor Vehicle Accident
- ☐ Premises
- Product Liability
  - ☐ Asbestos/Silica
  - ☐ Other Product Liability List Product:
- ☐ Other Injury or Damage:

**Real Property**
- ☐ Eminent Domain/Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus—Pre-indictment
- ☐ Other:

**Employment**
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other:

### Family Law

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void
- Divorce
  - ☐ With Children
  - ☐ No Children

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

### Tax
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

### Probate & Mental Health
- Probate/Wills/Intestate Administration
  - ☐ Dependent Administration
  - ☐ Independent Administration
  - ☐ Other Estate Proceedings
- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):
- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

## 4. Indicate damages sought (do not select if it is a family law case):
- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100,000 but not more than $200,000
- ☒ Over $200,000 but not more than $1,000,000
- ☐ Over $1,000,000